IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHNNY JOE ESPARZA,
          Petitioner,

-vs-

LORIE DAVIS,[1]
          Respondent.

CAUSE NO.:
A-16-CA-00873-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Johnny Joe Esparza's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], the Report and Recommendation of United States Magistrate Judge Mark Lane [#5], and Esparza's Objections [#8]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Esparza is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

---

[1] The proper respondent in this action is Lorie Davis, the current Correctional Institutions Division Director. Accordingly, Brad Livingston is terminated as a party.

## Background

Petitioner Johnny Joe Esparza is in state custody pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas. On July 19, 2002, Esparza was convicted of sexual assault and sentenced to 99 years in prison. On August 20, 2014, Esparza's conviction was affirmed on direct appeal. *Esparza v. State*, No. 03-12-00553-CR, 2014 WL 4179435, at *7 (Tex. App.—Austin Aug. 20, 2014, no pet.).

Esparza filed his first state application for habeas corpus relief on October 9, 2014. The Texas Court of Criminal Appeals dismissed his application on December 17, 2014, because it was filed before his direct appeal was final. *Ex parte Esparza*, Appl. No. 82,456-02. Esparza filed a second state habeas application on April 29, 2015, which the Court of Criminal Appeals denied on April 29, 2015 without written order. The instant petition followed, in which Esparza claims (1) he is actually innocent, and (2) he received ineffective assistance of counsel.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Esparza's conviction became final, at the latest, on September 19, 2014. In accordance with Texas Rule of Appellate Procedure 68.2, Esparza could have filed an application for discretionary review with the Texas Court of Criminal Appeals within thirty days of the court of appeals' affirming his conviction. *See Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). The one-year limitation period, which was set to expire on September 19, 2015, was tolled during the pendency of Esparza's state application for habeas corpus relief. *See* 28 U.S.C. § 2244(d)(2). Esparza filed his first state application for habeas corpus relief on October 9, 2014, which was dismissed on December 17, 2014, and his second on April 29, 2015, which was denied on July 29, 2015. Esparza therefore had 212 days to file his federal habeas corpus application before the one-year limitation period expired on February 26, 2016. However, he did not execute his federal application until June 29, 2016, more than four months after the limitation period expired.

Esparza appears to argue he can overcome the AEDPA's limitation period by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Under *McQuiggin*, Esparza must present new, reliable evidence which shows "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935 (internal quotation marks omitted). In his petition, Esparza claims "test results for DNA"

3

excluded him as a suspect, but he has failed to present any evidence supporting this contention. *See* Pet. [#1] at 6. In his objections, Esparza maintains his actual innocence, but again presents no evidence in support. Obj. [#8] at 1. As a result, Esparza has failed to meet his heavy burden of showing actual innocence under *McQuiggin*.

The record does not reflect any unconstitutional state act impeded Esparza from filing for federal habeas relief before the limitations period expired. *See* 28 U.S.C. § 2244(d)(1)(B). Furthermore, the claims raised by Esparza do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* § 2244(d)(1)(C). Nor has Esparza shown he was unaware of the factual predicate of his claims at an earlier time. *Id.* § 2244(d)(1)(D).

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the

petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Esparza's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

IT IS ORDERED that Petitioner Johnny Joe Esparza's Objections [#8] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge Andrew Austin [#5] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Johnny Joe Esparza's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITH PREJUDICE as time-barred; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 23rd day of August 2016.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE